NICHOLAS NOEL DESTRÉHAN *v.* MANUEL JOSEPH GARCIA, Sheriff.

To obtain a judgment against a sheriff with damages for his failure to return an order
of seizure and sale on or before the return day, as required by the act of 7th April,
1826, sect. 7, it must be shown that a writ of seizure and sale was actually placed
in his hands, and that he failed to return it on the return day mentioned therein. A
statement in the judgment appealed from, that a writ was issued, is not sufficient.
Such statements are not evidence.

APPEAL from the District Court of the First District, *Bu-chanan*, J.

MARTIN, J.   The defendant, sheriff of the parish of Jefferson, is appellant from a judgment by which the plaintiff has recovered the amount of a claim, for which he had placed an order of seizure and sale in the hands of the defendant in his official capacity, with damages, under the 17th section of the act of the 7th of April, 1826, amending the Code of Practice, &c., on the ground that the latter had not returned the writ in due time.   This section provides that, " it shall be the duty of each of the sheriffs of the different parishes in this State to return all writs directed to him, into the *clerk's office* from which they issued, on or before the *return day mentioned therein.*"   In order to justify the heavy judgment given against the sheriff, the record should show that a writ issuing from a clerk's office had been placed in the defendant's hands, and that he failed to return it on the return day mentioned therein.   The record shows that the judge of the parish of Jefferson granted the plaintiff an order directing a writ of seizure and sale to be issued, but there is no evidence that such a writ was ever issued, unless we take for evidence that which the judge *a quo* mentions in his judgment.   This has never been the practice of this court.   From reading the record we have received the impression that the *fiat* of the parish judge for an order of seizure and sale, was considered and acted upon by the defendant as an order of seizure and sale.

If the plaintiff could contend that this *fiat* of the judge was equivalent to an order of seizure and sale, and ought to have been returned in like manner, he should show that this *fiat* contained

what ought to have been stated in the writ from the clerk's office, to wit, the mention of the day on which it was to be returned.

It is therefore ordered that the judgment be annulled, and that ours be for the defendant as in case of nonsuit, with costs in both courts.

*Larue,* for the plaintiff.

*Canon,* for the appellant.